**Bobby E. HORTON, Sr., Plaintiff,**

v.

**RICK WEAVER BUICK, INC., Defendant.**

**Civ. A. No. 88–130 ERIE.**

United States District Court, W.D. Pennsylvania.

Jan. 31, 1989.

---

612

Gerald J. Villella, Erie, Pa., for plaintiff.

William J. Schaaf, Eugene C. Sundberg, Jr. Erie, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff, a black male, was discharged on April 7, 1986 from his position as a salesman for Rick Weaver Buick, Inc. He had been employed there since February of 1982. He filed this action pursuant to Title VII, alleging that his discharge was motivated by his race. Having concluded a non-jury trial, the case is ripe for our disposition.

It is undisputed that plaintiff has satisfactorily pled the essential elements of a prima facie case under Title VII. He is a member of a protected class, who was qualified for and satisfying the normal requirements of his job until the time he was discharged. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Plaintiff having established a prima facie case, the burden shifts upon defendant to provide a valid, non-discriminatory reason for plaintiff's discharge.

■ Defendant maintains that plaintiff was discharged because he appeared at his place of employment and began to wash his car on a day which he had not appeared for work as scheduled, purportedly because he was sick. We find this to be a valid, non-discriminatory reason.

■ Having so found, our inquiry shifts to whether the plaintiff has rebutted this proffered reason either by presenting proof of discriminatory intent, or by showing that the employer's proffered reason is pretextual. In an attempt to establish such, plaintiff points to several factors. We will consider each of these individually.

Plaintiff alleges that he was treated in a disparate manner in that he was deprived of the use of a demonstrator car although other white sales staff kept theirs. Defendant, however, presented testimony that plaintiff's use of a demo was terminated after four separate demo automobiles sustained damage while in the care of plaintiff. Defendant provided further testimony that no other person with a demo had more than one such incident. Plaintiff has

presented no evidence to rebut this. We find defendant's explanation credible and therefore accept it.

It is also alleged by plaintiff that he was treated disparately in that he was instructed "at sometime during his employment" that he could not wear a hat although other white salesmen continued to do so on the premises. Rick Weaver testified that he simply told plaintiff not to wear a hat inside. We find no evidence here of disparate treatment.

Plaintiff next alleges that Rick Weaver made a racially derogatory statement in the presence of himself and the rest of the sale staff. The incident is said to have occurred at the dealership sometime between 1983 and October 1984. Weaver allegedly stated that people would call Ernie Mello (Weaver Buick sales manager) a "nigger lover" if plaintiff purchased a home near him. In addition, plaintiff alleges that Bill Dye (Weaver Buick used car manager) called Joe Mancusso (Weaver Buick business manager) a "nigger lover" for helping plaintiff get the job at Weaver Buick. The incident allegedly occurred prior to October 1984 at a party at Rick Weaver's residence and in his presence. According to Mancusso, Weaver joined others in laughing at the comment. Weaver, however, testified that he did not recall either incident. While either of these incidents could be interpreted as evidencing a discriminatory intent on the part of Rick Weaver, they are greatly attenuated by the passage of 18 months or more before plaintiff's termination.

Upon careful consideration of all the testimony presented in this matter, we conclude that plaintiff has failed to present sufficient evidence to show by a preponderance of the evidence that race played any part in the decision to discharge him. Accordingly, judgment is granted in favor of defendant and against plaintiff.